IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATTY DEANDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3465-D |
| VS. | § | |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this insurance dispute, defendant Companion Property and Casualty Insurance Company ("Companion") moves to set aside a binding appraisal award, or, alternatively, to grant limited discovery related to the appraisal process. Concluding that the question whether to set aside a binding appraisal award must be considered by the jury at trial or the court on motion for summary judgment, the court denies Companion's motion to set aside the appraisal award, but it grants Companion's alternative motion for limited discovery related to the appraisal process. The court denies as moot Companion's motion to disqualify plaintiff Patty DeAnda's ("DeAnda's") chosen appraiser.

I

In October 2014 a storm allegedly damaged DeAnda's property in Irving, Texas. DeAnda insured her property under a residential homeowner's insurance policy (the "Policy") issued by Companion.

DeAnda filed a claim for storm damages with Companion. After an inspection, Companion estimated the cost to repair the damages to be $7,289.23. Believing this sum to be inadequate, DeAnda obtained an independent estimate of damages, which totaled $31,940.44. Companion increased its estimate after a subsequent investigation, but DeAnda maintained that Companion was still undervaluing her claim. She filed this suit in state court alleging numerous claims,[1] and Companion removed the case to this court.

Companion invoked the Policy's appraisal clause, which provides:

> If you and we fail to agree on the amount of loss, including the actual cash value and/or the cost of repair or replacement, either party may make a written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received.
>
> The appraisers shall then determine the amount of loss, stating separately the actual cash value and/or the cost of repair or replacement as to each item. If the appraisers submit a written report of an agreement to you and to us of the amount agreed upon, it shall be the amount of loss.
>
> If they cannot agree, the appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge to select an umpire. The judge must be a judge of a court of record in the state where the residence premises is located. The appraisers will then submit their differences to the umpire. A written award agreed upon by any two of these three and filed with us

---

[1] In her state-court petition, DeAnda alleges claims for negligence, breach of contract, violations of the Texas Deceptive Trade Practices-Consumer Protection Act and related statutes, violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, breach of fiduciary duty, unfair insurance practices, misrepresentation, and common law fraud by negligent misrepresentation.

will determine the amount of loss and be binding on you and us.

D. App. 79 (emphasis omitted).

The court stayed the case pending the appraisal process. Before the appraisal was completed, Companion filed a motion to disqualify DeAnda's chosen appraiser, Raymond Choate ("Choate"), on the ground that he was biased. DeAnda did not respond to the motion. Before the court ruled on the motion to disqualify, however, the parties completed the appraisal process. Companion then filed the instant motion to set aside the appraisal award based on (1) alleged fraud by Choate and umpire Max Judge ("Judge"), and (2) alleged noncompliance with the Policy in the appraisal process. Alternatively, Companion seeks limited discovery related to the appraisal process. DeAnda opposes the motion.

II

"Under Texas law, appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *JM Walker LLC v. Acadia Ins. Co.*, 356 Fed. Appx. 744, 746 (5th Cir. 2009) (per curiam) (citations and internal quotation marks omitted). The effect of an appraisal award is to "estop[] one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *MLCSV10 v. Hartford Steam Boiler Inspection & Ins. Co.*, 866 F.Supp.2d 691, 698 (S.D. Tex. 2012) (Rosenthal, J.) (quoting *Lundstrom v. United Servs. Auto. Ass'n–CIC*, 192 S.W.3d 78, 87 (Tex. App. 2006, pet. denied).

Despite the presumption in favor of enforcing appraisal awards, "[t]he results of an

- 3 -

otherwise binding appraisal may be disregarded in three situations: (1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy." *JM Walker*, 356 Fed. Appx. at 746 (citations and internal quotation marks omitted). The burden of proof to set aside an appraisal based on one of these grounds "lies on the party seeking to avoid the award." *Barnes v. W. Alliance Ins. Co.*, 844 S.W.2d 264, 269 (Tex. App. 1992, writ dism'd by agr.).

III

Companion moves to set aside the appraisal award, alleging it was the product of fraud and noncompliance with the Policy. To decide whether Companion is entitled to relief on either basis, the court must make factual findings as to each element of fraud under Texas law and/or as to any factual disputes that affect whether the appraisal was the product of noncompliance with the Policy. *See MLCSV10*, 866 F.Supp.2d at 699-708 (analyzing record in detail to determine whether to set aside award). Therefore, unless the issue is appropriately resolved by the court as a matter of law on motion for summary judgment, the question whether an appraisal award should be set aside involves fact questions that must be decided by the trier of fact at trial. *See*, *e.g.*, *JM Walker*, 356 Fed. Appx. at 746 (affirming summary judgment refusing to set aside award); *MLCSV10*, 866 F.Supp.2d at 707-08 (refusing to set aside entire appraisal award at summary judgment stage); *Barnes*, 844 S.W.2d at 269 (upholding verdict finding that award was result of fraud, accident or mistake); *Germania Farm Mut. Ins. Ass'n v. Williams*, 2002 WL 32341841, at *3 (Tex. App.

May 23, 2002, no pet.) (same).[2]

Accordingly, the court concludes that Companion's motion to set aside the appraisal award—which is neither a summary judgment motion nor presented to the trier of fact at trial—must be denied.

IV

The court turns next to Companion's alternative motion for limited discovery. Because the grounds on which Companion relies involve questions of fact, the court concludes that the parties are entitled to conduct limited discovery related to Companion's allegations of (1) fraud in the appraisal process and (2) noncompliance with the Policy in the appraisal process.

V

Companion also requests that the court extend the stay of this case during discovery. Because the stay was entered to allow the parties to complete the appraisal process, which has now been completed, the court declines to extend the stay. The court directs the parties to submit a revised joint scheduling proposal that addresses the matters contained in the court's October 30, 2015 scheduling proposal order within 21 days of the date this memorandum opinion and order is filed.

---

[2]The motions for summary judgment in both *JM Walker* and *MLCSV10* were filed by the party or parties seeking to enforce the appraisal award. *See JM Walker*, 356 Fed. Appx. at 745-46; *MLCSV10*, 866 F.Supp.2d at 695.

* * *

For the reasons explained, the court denies Companion's September 2, 2016 motion to set aside appraisal award; grants Companion's alternative motion for limited discovery; and denies as moot Companion's August 3, 2016 motion to disqualify plaintiff's designated appraiser.

**SO ORDERED**.

December 1, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE